(No. 1599— )

Logan Hay, R. Allan Stephens, Partners, Doing Business Under the Firm Name and Style of Brown, Hay & Stephens, and Geo. B. White, and S. E. Quindry, Partners, Doing Business as White & Quindry, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed September 10, 1930.*

Brown, Hay & Stephens, and White & Quindry, for claimants.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

This is a case where claimants bring action to recover $500.00, for attorney fees and $288.60 for transportation, hotel bills, meals, telephone, stenographic hire and printing, making a total of $788.60.

It appears that this claim is based upon services rendered by claimants in the matter of an election contest, growing out of an election held on November 6, 1928, in the Fiftieth (50th) Senatorial District of the State of Illinois.

Claimants allege further that this matter was heard before the Legislature and they were employed to represent Wallace A. Bandy before a committee of the Illinois Legislature in the hearing of the contest. That they spent a large amount of time and energy in a successful defense of the contestee resulting in a finding that contestee was duly elected and qualified as representative of the Fiftieth (50th) Senatorial District.

It appears to the court that services were rendered as claimed, but that the matter of employment was a legislative

act and entirely within the knowledge of the Legislative Department of the State of Illinois.

The Court of Claims is simply an advisory committee of the Legislature. Its functions are to hear and determine facts and make recommendations to the Legislature. This is a means to expedite transaction of business and to give the Legislature the benefit of the investigation and determination of this court.

In a matter wherein the Legislature is fully advised of all the facts in the matter in controversy and are in a position to understand fully the power given and the work performed, as expressed in this case, this court is of the opinion that it should not take a position of advising in the case at issue.

The Constitution of the State of Illinois empowers the Legislature with the right to determine the qualification of its members. The Legislature has the power to retain or expel a member of that body. It is very important that the membership of that great legislative body should be safeguarded to the utmost.

Therefore, the Constitution gave the legislative body the exclusive power to determine the rights of its members and in this case, the Legislature in pursuing its powers, heard and determined the case in question and were fully informed as to the expenses incurred and the services performed by all persons in all hearings in this legislative contest.

Therefore, this court is of the opinion that the Legislature is entirely informed and has exclusive power to carry out in full the program in question without the advice or counsel of an advisory body such as this court and therefore this court makes no recommendation, leaving the matter entirely to the discretion, power and authority of the Legislature of the State of Illinois. Case dismissed without prejudice.